IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT THOMAS IRVIN, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| CLARKSVILLE GAS & WATER ) | Case No. 3:11-cv-00529 |
| DEPARTMENT, et al., ) | Judge Campbell/Brown |
| ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is the Motion to Dismiss filed by Defendants Clarksville Gas & Water Department, City of Clarksville Police Department, and City of Clarksville Building & Codes Department. (Docket Entry 20). Defendants have filed a Memorandum in support of their Motion. (Docket Entry 21). In response to Dependants' Motion, Plaintiff filed an Amended Complaint. (Docket Entry 23). Plaintiff also filed a Response to Defendants' Motion to Dismiss and Memoranda of Law in Support of Plaintiff's Motion to Supersede Defendants' Motion to Dismiss. (Docket Entries 24, 25). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's claims against Defendants Clarksville Gas & Water Department, City of Clarksville Police Department, and City of Clarksville Building & Codes Department be **DISMISSED**. The Magistrate Judge also **RECOMMENDS** that except for Plaintiff's claims against Defendants Eddie Glenn, Tanner Pew, and Justin Bailey in their

1

individual capacities, Plaintiff's claims against remaining individual Defendants in their official capacities and/or individual capacities be **Dismissed**.

## I. BACKGROUND

Plaintiff, a resident of Clarksville, Tennessee, filed this *pro se*, *in forma pauperis* action, pursuant to 42 U.S.C. §1983, alleging violations of his Constitutional rights. On April 22, 2011, Plaintiff filed a motion for an interlocutory order in which he alleged that Defendants Clarksville Gas & Water Department and the Clarksville Police Department violated his Fourth Amendment rights by conducting illegal searches. (Docket Entry 1, a Motion for an Interlocutory Order, 1-2). Specifically, Plaintiff alleges that unnamed representatives from Defendants Clarksville Gas & Water Department and the Clarksville Police Department searched his yard to inspect his water meter in order to ascertain whether or not there had been illegal use of the water meter. *Id*. According to Plaintiff, he was not notified of the search prior to its occurrence, and no warrant was presented to him at the time of the search. *Id*.

On April 26, 2011, Plaintiff filed an *Ex Parte* Petition for "An Interlocutory Order" to add claims against Clarksville Building & Codes Department to his original filing. (Docket Entry 2). Plaintiff alleges that Clarksville Building & Codes Department violated his civil rights by requiring that he should comply with the Clarksville City Code mandating that every dwelling has an adequate supply of water from an approved distribution system connected to a potable water supply. *Id*.

On May 24, 2011, Plaintiff filed the petition to proceed *in forma pauperis*, which was granted on June 1, 2011.

On June 14, 2011, Plaintiff filed Amended Complaint, in which Plaintiff identified various individual Defendants including Eddie Glenn, employee of Clarksville Gas & Water Department,

2

Pat Hicket; General Manager of Clarksville Gas & Water Department, Barbara J. Burroughs, employee of Clarksville Gas & Water Department, Tanner Pew and Justin Bailey, officers of the City of Clarksville Police Department, Robert Eley and Randall Mathews, employees of City of Clarksville Building & Codes Department, Kim McMillan, Mayor of the City of Clarksville, and an unnamed Mayor's receptionist. (Document Entry 23). The Magistrate Judge will treat this document as the active complaint in this matter.

## II. STANDARD OF REVIEW

### A. Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations and emphasis omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The Supreme Court has outlined a "two-pronged approach" for assessing whether a complaint states a valid claim for relief. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). First, legal conclusions and labels, as opposed to factual allegations, are not to be accepted as true and should be disregarded when assessing the plaintiff's right to relief. *Id*. Second, the remaining facts should be evaluated to see if they support a claim that is plausible on its face. *Id*. The court need not review the claim for its probability success, but rather should determine whether the alleged facts allow a "reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. (citing *Twombly*, 550 U.S. at 556). A plaintiff does not have to plead detailed facts to survive a motion to dismiss, but must do more than make an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc*., 520 F.3d 516, 519 (6th Cir. 2008).

### B. *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are to be liberally construed and are held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *Pro se* status does not, however, exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that

a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed.R.Civ.P. 12(b) (6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F.Supp. 1259, 1268 (W.D.Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Lillard*, 76 F.3d at 726 (citations omitted).

### C. **Review under 28 U.S.C. §§ 1915A and 1915(e**)

The Court has the responsibility to screen the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Asberry v. Bisig*, 70 F. App'x 247, 249 (6th Cir. 2003) (citing *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)). The Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

### III. LEGAL ANALYSIS

Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. A claim pursuant to 42 U.S.C. § 1983 is valid if a plaintiff alleges that: (1) his rights secured by the Constitution or United States law have been violated; and (2) that the person who violated such rights did so while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Section 1983 itself does not establish any substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000). However, it provides a remedy for the deprivation of rights established elsewhere. *Id.* A valid 1983 claim must state the substantive constitutional rights that were allegedly violated by the defendant. *Barrett v. Steubenville City Schools*, 388 F.3d 967, 971 (6th Cir. 2004).

#### A. City of Clarksville Police Department

Section 1983 provides liability against any "person" who, under color of law, violates the plaintiff's constitutional rights. 42 U.S.C. § 1983. "Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 229 (1997) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 688, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (*per curiam*)

As to claims against Defendant City of Clarksville Police Department, "[i]t appears that, since *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994), federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metropolitan Government of Nashville and Davidson County*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. August 25, 2010); *see also*, *CP v. Alcoa Police Dep't*, No.: 3:10-CV-197, 2010 WL 2698290, at *2, 2010 WL 2698290 (E.D.Tenn. July 6, 2010) ("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); *Smith v. Tenn. Dep't of Corr.*, No. 3 09 0485, 2009 WL 1505308, at *3 (M.D.Tenn. May 27, 2009) ("sheriffs' offices and police departments are not bodies politic, and as such are not "persons" within the meaning of § 1983."); *Moore v. Chattanooga Police Dept.*, No. 1:08-cv-174, 2008 WL 3896114, at *3 (E.D.Tenn. August 19, 2008) ("The Chattanooga Police Department is not a legal entity amenable to being sued under 42 U.S.C. § 1983."); *Obert v. Pyramid*, 381 F.Supp.2d 723, 725 n. 1 (W.D.Tenn. 2005) ("Defendant correctly notes that the Memphis Police Department does not legally exist and is not a proper party to this action ....").

Accordingly, Defendant City of Clarksville Police Department is not a legal entity against which a suit under § 1983 can be directed. Therefore Plaintiff's claims against Defendant City of Clarksville Police Department should be dismissed. *See Matthews*, 35 F.3d at 1049.

### B. **Clarksville Gas & Water Department and City of Clarksville Building & Codes Department**

Regarding Plaintiff's claims against Defendants Clarksville Gas & Water Department and City of Clarksville Building & Codes Department, "municipalities and other local government units" are among the "persons" to whom the statute applies. *Monell*, 436 U.S. at 690, 98 S.Ct. 2018, 56

As to claims against Defendant City of Clarksville Police Department, "[i]t appears that, since *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994), federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metropolitan Government of Nashville and Davidson County*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. August 25, 2010); *see also*, *CP v. Alcoa Police Dep't*, No.: 3:10-CV-197, 2010 WL 2698290, at *2, 2010 WL 2698290 (E.D.Tenn. July 6, 2010) ("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); *Smith v. Tenn. Dep't of Corr.*, No. 3 09 0485, 2009 WL 1505308, at *3 (M.D.Tenn. May 27, 2009) ("sheriffs' offices and police departments are not bodies politic, and as such are not "persons" within the meaning of § 1983."); *Moore v. Chattanooga Police Dept.*, No. 1:08-cv-174, 2008 WL 3896114, at *3 (E.D.Tenn. August 19, 2008) ("The Chattanooga Police Department is not a legal entity amenable to being sued under 42 U.S.C. § 1983."); *Obert v. Pyramid*, 381 F.Supp.2d 723, 725 n. 1 (W.D.Tenn. 2005) ("Defendant correctly notes that the Memphis Police Department does not legally exist and is not a proper party to this action ....").

Accordingly, Defendant City of Clarksville Police Department is not a legal entity against which a suit under § 1983 can be directed. Therefore Plaintiff's claims against Defendant City of Clarksville Police Department should be dismissed. *See Matthews*, 35 F.3d at 1049.

B. **Clarksville Gas & Water Department and City of Clarksville Building & Codes Department**

Regarding Plaintiff's claims against Defendants Clarksville Gas & Water Department and City of Clarksville Building & Codes Department, "municipalities and other local government units" are among the "persons" to whom the statute applies. *Monell*, 436 U.S. at 690, 98 S.Ct. 2018, 56

L.Ed.2d 611. To prevail on a claim of municipal liability under § 1983, a plaintiff must establish: 1) that he was deprived of a constitutional right; 2) that the municipality had a "policy"; and 3) that the policy was "the moving force" behind the constitutional violation. *See Monell*, 436 U.S. at 658; *see also O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). As a rule, a local government entity may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. *See Monell*, 436 U.S. at 691, 98 S.Ct. 2018, 56 L.Ed.2d 611. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

As noted above, Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft*, 129 S.Ct. at 1949, 173 L.Ed.2d 868. Rule 8 does not require Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In this instant case, the claims against Clarksville Gas & Water Department and City of Clarksville Building & Codes Department fail to state a claim upon which relief can be granted. In order for Clarksville Gas & Water Department and City of Clarksville Building & Codes

8

Department to be liable under § 1983, Plaintiff must establish that (1) Defendants' agents, while acting under the color of state law; (2) violated Plaintiff's constitutional rights; and (3) their policy was the moving force behind the violation. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). In other words, Clarksville Gas & Water Department and City of Clarksville Building & Codes Department cannot be found liable unless Plaintiff can establish that an officially executed policy or the toleration of a custom leads to, causes, or results in the deprivation of a constitutionally protected rights. *See Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996); *see also Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). In the original complaint and the amended complaint, Plaintiff merely recites the actions of the two Departments' agents that violated his constitutional rights, and alleges that the two Defendants had an unconstitutional policy. Simply concluding Plaintiff was injured as a result of an unspecified policy is not sufficient to meet the pleading standard of Rule 8.

As discussed above, Plaintiff's claims against Defendants Clarksville Gas & Water Department, City of Clarksville Police Department, and City of Clarksville Building & Codes Department are clearly dismissible. It is not necessary to discuss Defendants' other arguments at any length.

### C. **Individual Defendants**

Plaintiff identified various individual Defendants in his amended complaint. (Document Entry 23). However, Plaintiff has failed to identify in what capacity he has sued those individual Defendants. Specifically, Plaintiff does not indicate whether the individuals named as Defendants are being sued in their official capacities, individual capacities, or both. The Magistrate Judge, in

9

an Order of this case dated July 22, 2011, stated that "[t]he Plaintiff does not state whether he is suing the various Defendants in their personal or official capacity. Normally, where this is not stated, the suit is considered to be against them in their official capacity." (Document Entry 22, 4 ). Plaintiff has taken no action to notify the Court what capacity he sues the various individual Defendants.

An individual defendant cannot be held liable when a plaintiff fails to show that the official was directly involved or caused the events at issue. *Petty v. County of Franklin, Ohio* 478 F.3d 341, 349 (6th Cir .2007). Merely listing the names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983. *Gilmore v. Corrections Corporation of America*, 92 Fed. App'x 188 (6th Cir. 2004) (affirming dismissal of civil rights complaint, filed pursuant to 42 U.S.C. § 1983, because plaintiff failed to indicate individual defendants violated his constitutional rights).

A suit brought against a public, government official will not be construed as seeking damages against the defendants in their individual capacities unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116, 115 S.Ct. 2269, 132 L.Ed.2d 273 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F.Supp. 228, 231 (W.D.Tenn.1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication that a defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d

188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferred that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. *See e.g. Anderson v. Marion County Justice Center*, No. 1:11–cv–17, 2011 WL 1877809 (E.D.Tenn. May 17, 2011). In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants"; the complaint identified the officers as "acting for themselves and for the City[ ]"; and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774–75. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.' " *Id.* at 773, 774.

The complaint before the Magistrate Judge is somewhat difficult to decipher as he makes rambling allegations against various individual Defendants. He has failed to identify in what capacity he is suing individual Defendants. Some individual Defendants are identified with their official titles in the heading and the body of the complaint, including Kim McMillian, Mayor of City of Clarksville, Pat Hicket, General Manager of Clarksville Gas & Water Department, and Barbara J. Burroughs, Customer Service of Clarksville Gas & Water Department; but other individual

11

Defendants are only identified as an employee or officer of a department. Plaintiff also mentions an unnamed employee who works in the Mayor McMillan's office, but Plaintiff does not identify her in the caption of the complaint.

While a plaintiff's seeking monetary damages alone is insufficient to place an official on notice that he is being sued in his individual capacity, Plaintiff at bar does seek monetary damages, and the request for monetary damages is one factor that might place an individual on notice that he is being sued in this individual capacity. *See e.g. Burgans v. Hammond,* No. 1:10-cv-334, 2011 WL 3325880 (E.D.Tenn. Aug. 2, 2011)*; see also Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002). Accordingly, considering Plaintiff filing this *pro se*, *in forma pauperis* action, the Magistrate Judge will liberally construe Plaintiff's claims and discuss Plaintiff's claims against various individual Defendants in both their official capacities and personal capacities.

1. <u>Plaintiff's Claims against Individual Defendants in Their Official Capacities</u>

A claim for damages against a state or municipal officer in his official capacity is the equivalent of an action against the governmental entity he represents. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Accordingly, "[t]here is no longer a need to bring official-capacity actions against local government officials, for ... local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Since Plaintiff has sued Defendants Clarksville Gas & Water Department, City of Clarksville Police Department, and City of Clarksville Building & Codes Department directly, there is no need to consider the official capacity claims against those individual Defendants as their

employees including Eddie Glenn, Pat Hicket, and Barbara J. Burroughs, employees of Clarksville Gas & Water Department; Tanner Pew and Justin Bailey, officers of the City of Clarksville Police Department; Robert Eley and Randall Mathews, employees of City of Clarksville Building & Codes Department. *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007).

Regarding Plaintiff's claims against Kim McMillan, Mayor of the City of Clarksville, and an unnamed Mayor's receptionist in their official capacity, the Magistrate Judge proceeds as if Plaintiff has in fact sued City of Clarksville. As discussed above, in order to prevail, Plaintiff must allege that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by City of Clarksville. *Monell*, 436 U.S. at 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611. There are no facts in the complaint that Plaintiff alleges the violation of his rights resulted from any policy or custom on the part of City of Clarksville. Consequently, Plaintiff fails to state a claim for which relief may be granted.

Accordingly, Plaintiff's claims against individual Defendants as to their official capacities should be dismissed.

2. Plaintiff's Claims against Individual Defendants in Their Individual Capacities

As noted above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271, 114 S.Ct. 807, 127 L.Ed.2d 114.

To state a cognizable § 1983 claim, the plaintiff must allege some facts evincing personal involvement by each of the named defendants. *Salehpour v. Univ. Of Tenn.*,159 F.3d 199, 206 (6th Cir. 1996); *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995)(personal involvement by the defendant is an essential element is a § 1983 claim). Moreover, a complaint must identify the "specific conduct" of each defendant that is the basis of the constitutional violation. *Leed v. City of Muldraugh, Meade County, Kentucky*, 174 Fed.Appx. 251, 255 (6th Cir. 2006).

    a.    <u>Kim McMillan and the Unnamed Mayor's Receptionist</u>

Assuming that Plaintiff would bring claims against Kim McMillan, Mayor of City of Clarksville, and the unnamed Mayor's receptionist in their individual capacities, Plaintiff fails to state a claim upon which relief may be granted. A plaintiff cannot establish personal liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). At a minimum, Plaintiff must show Mayor McMillan encouraged or condoned the actions of the city employees. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). The Complaint does not contain allegations suggesting Mayor McMillan or the unnamed Mayor's receptionist knew Plaintiff or in any way personally participated in the alleged actions. Accordingly, Plaintiff's claims against Kim McMillan, Mayor of the City of Clarksville, and the unnamed Mayor's receptionist in their individual capacities should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

    b.    <u>Pat Hicket</u>

Plaintiff sues Pat Hicket, General Manager of Clarksville Gas & Water Department, for inability to settle his water dispute. (Document Entry 23, at 3) A claimed constitutional violation

must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). In asserting a § 1983 action against a supervisory official, a plaintiff must show that the defendant was either directly or personally involved in the alleged unconstitutional activity. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." *Id*. Liability under § 1983 must be based on more than respondeat superior or the right to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Whereas, here, Plaintiff does not present any fact that Pat Hicket had any direct or personal involvement in authorizing, approving, or knowingly acquiescing in any alleged unconstitutional conduct. Nor is there anything in the record that indicates otherwise. Plaintiff's claim fails to state a claim for which relief can be granted.

Plaintiff also alleges that Hicket accused him of the theft of $200.00. (Document Entry 23, 3) The Sixth Circuit has held that verbal threats and verbal abuse are not constitutional violations cognizable under § 1983. *See Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989)(finding that harassment and threats, which caused Plaintiff to "fear for his life," were not an infringement of a constitutional right and, therefore, not actionable under § 1983). Because verbal abuse is not a constitutional violation, Plaintiff's claim fails as a matter of law.

      c.      <u>Barbara J. Burroughs, Robert Eley, and Randall Mathews</u>

Plaintiff articulates a purported Eighth Amendment "excessive fines" allegation against Barbara J. Burroughs, Robert Eley, and Randall Mathews. (Document Entry 23, 3). Plaintiff alleges that Barbara J. Burroughs, Customer Service of Clarksville Gas & Water Department, sought unjust sums of currency in an effort to support Hicket's unjust allegations of $200 against Plaintiff. *Id*. Plaintiff also alleges that Robert Eley and Randall Mathews, employees of City of Clarksville Building & Codes Department, "issued an uninforeable NOTICE OF VIOLATION." *Id*.

The Eight Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." U.S. Const. amend. VIII. "The language of the Eighth Amendment, '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted,' manifests 'an intention to limit the power of those entrusted with the criminal-law function of government." ' *Whitley v. Albers*, 475 U.S. 312, 318-19, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)). The Supreme Court reasoned that, according to the Amendment's history and the Court's precedent, the Amendment was "designed to protect those convicted of crimes." *Ingraham*, 430 U.S. at 664, 97 S.Ct. 1401. Because only those individuals who have been formally convicted of a crime may seek protection under the Eighth Amendment, there is no record to show that Plaintiff was convicted of a crime, his Eighth Amendment rights cannot have been violated.

Even the Eighth Amendment "excessive fines" clause may apply to civil forfeitures. *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and "[a] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportionate to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), the Excessive Fines Clause does not apply in the instant "excessive fines" claim as to $200 and a

16

Notice of Violation , because it is legally deficient on its face. *See Ross v. Duggan*, 113 Fed.Appx. 33, 45 (6thCir. 2004) ("The civil fines and fees alleged herein, which did not exceed approximately $2,000 in any single instance, manifestly were not grossly disproportionate to the gravity of the deterred and/or punished offenses."); *Towers v. City of Chicago*, 173 F.3d 619, 623-26 (7th Cir. 1999) (the imposition of a reasonable administrative penalty plus towing and storage fees in connection with the release of a lawfully impounded vehicle does not transgress the Excessive Fines Clause). Therefore Plaintiff's claims should be dismissed as frivolous and for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e).

      d.      <u>Eddie Glenn, Tanner Pew, and Justin Bailey</u>

Plaintiff claims that Eddie Glenn, employee of Clarksville Gas & Water department, with the aid of the City of Clarksville Police Department officers, Tanner Pew and Justin Bailey searched his yard without notice to Plaintiff, in violation of the Fourth Amendment.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 543 (6th Cir. 2002) (citing *United States v. Place*, 462 U.S. 696, 700-701, 709-710, 103 S.Ct. 2637, 77 L.Ed.2d 110) (1983) (holding that even where the initial seizure of someone's property is lawful, the prolonged seizure of the property may render the seizure unreasonable)). "[S]earches pursuant to criminal as well as administrative investigations must comport to the strictures of the Fourth Amendment." *United States v. Moon*, 513 F.3d 527, 537 (6th Cir. 2008) (citations omitted). The government officials must obtain a search warrant before making an unwelcome intrusion onto private property. *See O'Connor v. Ortega*, 480 U.S. 709, 720, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987) ("[I]t is settled ... that 'except in certain carefully defined

classes of cases, a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant.' " (quoting *Mancusi v. DeForte*, 392 U.S. 364, 370, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968) )).

As noted above, the Magistrate Judge liberally construes Plaintiff's *pro se* pleading. In considering a Motion to Dismiss, this Court must take the Plaintiff's allegations as true and then determine whether, under that version of the facts, Plaintiff has stated a viable claim under the Fourth Amendment. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Plaintiff has identified the three individual Defendants and has alleged sufficient facts to state a plausible (if not immediately and eminently believable) claim that the three Defendants intruded onto his property without warrant and causing his damage. Ultimately, Plaintiff has done more than simply recite the elements of this cause of action and have provided some facts that support each element of the claim. The Magistrate Judge finds that Plaintiff's allegations against the three individual Defendants are sufficient to state a Fourth Amendment claim. Therefore, the Magistrate Judge allows this claim to proceed at this stage of the proceedings. The Magistrate Judge will direct service of process on the three individual Defendants in a separate Order.

### IV. CONCLUSION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** the Motions to Dismiss filed by Defendants Clarksville Gas & Water Department, City of Clarksville Police Department, and City of Clarksville Building & Codes Department be **GRANTED** and Plaintiff's claims against Defendants Clarksville Gas & Water Department, City of Clarksville Police Department, and City of Clarksville Building & Codes Department be **DISMISSED with prejudice**. The Magistrate Judge **RECOMMENDS** Plaintiff's claims against individual Defendants including Pat Hicket,

Barbara J. Burroughs, Robert Eley, Randall Mathews, Kim McMillan, and an unnamed Kim McMillan's receptionist as to their official capacities and/or individual capacities be **DISMISSED with prejudice**. The Magistrate Judge also RECOMMENDS Plaintiff's claims against Eddie Gleen, Tanner Pew, and Justin Bailey as to their official capacities be **DISMISSED with prejudice**, however, Plaintiff's claims against them as their individual capacities will **PROCEED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 11th day of August, 2011.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge