IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT THOMAS IRVIN, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| CLARKSVILLE GAS & WATER ) | Case No. 3:11-cv-00529 |
| DEPARTMENT, et al., ) | Judge Campbell/Brown |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

Presently pending before the Magistrate Judge is Plaintiff's motion titled "Plaintiffs' Amendment Federal Rules of Civil Procedure Rule 4(m)...Time Limit for Service" and filed on November 28, 2011. (Docket Entry 46). On December 9, 2011, Defendants filed a response in opposition to said motion. (Docket Entry 48). Plaintiff filed two replies accordingly. (Docket Entries 49, 50). For the reasons set forth below, Plaintiff's pending motion to amend is **DENIED**.

## I. BACKGROUND

As the Magistrate Judge has noted previously, this case commenced when Plaintiff, a resident of Clarksville, Tennessee, filed a *pro se*, *in forma pauperis* action, pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. On April 22, 2011, Plaintiff filed a motion for an interlocutory order in which he alleged that Defendants Clarksville Gas & Water Department and the Clarksville Police Department violated his Fourth Amendment rights by conducting illegal searches. (Docket Entry 1, p. 1-2). Specifically, Plaintiff alleges that unnamed representatives from

1

Defendants Clarksville Gas & Water Department and the Clarksville Police Department searched his yard to inspect his water meter in order to ascertain whether or not there had been illegal use of the water meter. *Id*. Plaintiff claims that he was not notified of the search prior to its occurrence, and no warrant was presented to him at the time of the search. *Id*.

On April 26, 2011, Plaintiff filed an *Ex Parte* Petition for "An Interlocutory Order" to add claims against Clarksville Building & Codes Department to his original filing. (Docket Entry 2). Plaintiff alleges that Clarksville Building & Codes Department violated his civil rights by requiring that he should comply with the Clarksville City Code mandating that every dwelling has an adequate supply of water from an approved distribution system connected to a potable water supply. *Id*.

On July 15, 2011, Defendants' counsel filed a motion to dismiss (and supporting memorandum) on behalf of the Clarksville Police Department, the Clarksville Building & Codes Department and the Clarksville Gas & Water Department. (Docket Entries 20, 21). On July 22 2011, Plaintiff filed an Amended Complaint, in which Plaintiff identified various individual Defendants including Eddie Glenn, employee of Clarksville Gas & Water Department; Pat Hicket, General Manager of Clarksville Gas & Water Department; Barbara J. Burroughs, employee of Clarksville Gas & Water Department; Tanner Pew and Justin Bailey, officers of the City of Clarksville Police Department; Robert Eley and Randall Mathews, employees of City of Clarksville Building & Codes Department; Kim McMillan, Mayor of the City of Clarksville; and an unnamed Mayor's receptionist. (Document Entry 23).

The Magistrate Judge responded to Defendants' July 2011 motion to dismiss with a Report and Recommendation filed August 12, 2011. (Docket Entry 29). In said report, the Magistrate Judge recommended that Defendants' motion to dismiss be granted and that Plaintiff's claims

2

against Clarksville's Gas & Water Department, Police Department, and Building & Codes Department be dismissed. *Id*. The Magistrate Judge also recommended that, except for Plaintiff's claims against Defendants Eddie Glenn, Tanner Pew and Justin Bailey, in their individual capacities, Plaintiff's claims against the remaining individuals in their official and/or individual capacities be dismissed. The Magistrate Judge's Report and Recommendation was adopted and approved by this Court on September 6, 2011. (Docket Entry 34). As to the surviving claims against Defendants Eddy Glenn, Justin Bailey and Tanner Pew, Defendants filed a corresponding answer on October 12, 2011. (Docket Entry 40).[1]

To be clear, Pat Hicket, Barbara Burroughs and Kim McMillan, three of the four individuals that Plaintiff now seeks to add as defendants through his pending motion, appeared as new defendants in his first amended complaint. (Docket Entry 23). As referenced above, Plaintiff's claims against these defendants, both in their official and individual capacities, were dismissed for failure to state a claim for which relief may be granted. (Docket Entries 29, 34). In his pending motion, Plaintiff again seeks to add Pat Hicket, Barbara Burroughs and Kim McMillan–with the addition of a fourth defendant, Tammy Wallace of the Clarksville Gas & Water Department. (Docket Entry 46).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 governs motions for leave to amend pleadings. Rule 15 states that a "court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). That said, "[a] motion for leave to amend may be denied for futility 'if the court concludes that the

---

[1] The Magistrate Judge notes that all three defendants were issued summonses, which were returned executed. (Docket Entries 33, 37-39).

3

pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)). To that end, a "proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Under Rule 12(b)(6), an action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although a complaint is to be liberally construed, a court "need not accept 'a bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir 1995). To survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Tackett*, 561 F.3d at 488 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Valid claims "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 562).

### III. LEGAL ANALYSIS

None of Plaintiff's proposed amendments state a claim upon which relief can be granted and, thus, they would not survive a motion to dismiss. In short, the Magistrate Judge believes that Plaintiff's proposed amendments must be denied.

4

As 42 U.S.C. §1983 is a method for vindicating federal rights, not a source, any §1983 claims must stem from an alleged infringement of a specific constitutional right. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Further, the plaintiff must identify the "specific conduct" of each defendant that is the basis of the constitutional violation. *Leeds v. City of Muldraugh, Meade County, Kentucky*, 174 Fed.Appx. 251, 255 (6th Cir. 2006). To state a cognizable § 1983 claim, the plaintiff must allege some facts evincing personal involvement by each of the named defendants. *Salehpour v. Univ. Of Tenn.*,159 F.3d 199, 206 (6th Cir. 1996); *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995) (personal involvement by the defendant is an essential element is a § 1983 claim).

In the pending motion, Plaintiff alleges that Mr. Hicket, Mayor McMillan, Ms. Burroughs and Ms. Wallace all contributed to a conspiracy, entrapment and/or entrapment by estoppel. In short, the Magistrate Judge finds no evidence to support these claims. As an initial matter, the Magistrate Judge notes that the latter two claims fail as a matter of law, as entrapment and/or entrapment by estoppel are defenses available to criminal defendants.[2] As for a civil conspiracy, it is defined as "an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Specifically, the Plaintiff must show "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id*. at 943.

The evidence provided does not sufficiently link any of the four Defendants to a conspiracy. As to Mr. Hicket, Plaintiff contends that he "has never ever tried to resolve [Plaintiff's] problem

---

[2]Besides not being applicable to the Plaintiff in this civil case, there is no evidence that any of the named Defendants induced Plaintiff to engage in criminal conduct

5

and/or complaint[.]" (Docket Entry 46, p. 2). As to Ms. Burroughs, Plaintiff describes her coming into a room with Plaintiff and Mr. Hicket and claims that "therefore, [Ms. Burroughs] officially became an acting character in this 'conspiracy.'" *Id*. As to Mayor McMillan, Plaintiff states that she is the "inheritor of this complaint" and that the Mayor's "silence at this point can only be understood as becoming apart of this conspiracy[.]" (*Id*., p. 3). As to Ms. Wallace, Plaintiff claims that she waited Plaintiff when he went to the water department to pay his bill. He alleges that "in their disagreement as to how [Plaintiff's] bill was to be addressed [Ms. Wallace] tried to pressure [Plaintiff] into paying [the] bill in installments[.]" (*Id*., p. 2).

The Magistrate Judge does not see how Plaintiff's pleadings, even when given the most liberal construction, might possibly state a claim for which relief can be granted. None of the actions (or inactions) Plaintiff alleges relate to a conspiracy or otherwise rise to a level of constitutional violations. Plaintiff merely offers unsubstantiated conclusions and, as such, all of Plaintiff's proposed new claims would be futile and the pending motion must be denied.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion, titled "Plaintiffs' Amendment Federal Rules of Civil Procedure Rule 4(m)...Time Limit for Service" (Docket Entry 46) is **DENIED**.

It is so **ORDERED**.

Entered this 2nd day of February 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge