IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT THOMAS IRVIN,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CLARKSVILLE GAS & WATER⠀⠀⠀)⠀⠀⠀⠀⠀Case No. 3:11-cv-00529
DEPARTMENT, et al.,⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀Judge Campbell/Brown
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀)

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Defendants' Motion for Summary Judgement, filed January 3, 2012. (Docket Entry 51). In support of said motion, Defendants also filed a supporting memorandum; statement of facts; and four affidavits. (Docket Entries 52-57). On January 12, 2012, Plaintiff filed a response in opposition to summary judgment. (Docket Entry 58). A week later, on January 18, 2012, Plaintiff filed additional objections and Plaintiff's own affidavit. (Docket Entries 59, 60). Defendants' filed a reply memorandum on February 1, 2012. (Docket Entry 66-1).

For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that Defendants' Motion for Summary Judgement be **GRANTED** and all of Plaintiff's claims **DISMISSED**.

### I. PROCEDURAL HISTORY

This case commenced when Plaintiff, a resident of Clarksville, Tennessee, filed a *pro se*, *in forma pauperis* action, pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. On April 22, 2011, Plaintiff filed a motion for an interlocutory order in which he alleged that Defendants

1

Clarksville Gas & Water Department ("CGWD") and the Clarksville Police Department ("CPD")

violated his Fourth Amendment rights by conducting illegal searches. (Docket Entry 1, p. 1-2).

Specifically, Plaintiff alleged that unnamed representatives from Defendants CGWD and CPD searched

his yard to inspect his water meter in order to ascertain whether or not there had been illegal use of the

water meter. *Id*. Plaintiff claims that he was not notified of the search prior to its occurrence, and no

warrant was presented to him at the time of the search. *Id*.

On April 26, 2011, Plaintiff filed an *Ex Parte* Petition for "An Interlocutory Order" to add claims

against Clarksville Building & Codes Department to his original filing. (Docket Entry 2). Plaintiff

alleged that Clarksville Building & Codes Department violated his civil rights by requiring that he should

comply with the Clarksville City Code mandating that every dwelling has an adequate supply of water

from an approved distribution system connected to a potable water supply. *Id*.

On July 15, 2011, Defendants' counsel filed a motion to dismiss (and supporting memorandum)

on behalf of the Clarksville Police Department, the Clarksville Building & Codes Department and the

Clarksville Gas & Water Department. (Docket Entries 20, 21). On July 22 2011, Plaintiff filed an

Amended Complaint, in which Plaintiff identified various individual Defendants including Eddie Glenn,

employee of Clarksville Gas & Water Department; Pat Hicket, General Manager of Clarksville Gas &

Water Department; Barbara J. Burroughs, employee of Clarksville Gas & Water Department; Tanner

Pew and Justin Bailey, officers of the City of Clarksville Police Department; Robert Eley and Randall

Mathews, employees of City of Clarksville Building & Codes Department; Kim McMillan, Mayor of

the City of Clarksville; and an unnamed Mayor's receptionist. (Document Entry 23).

The Magistrate Judge responded to Defendants' July 15, 2011 motion to dismiss with a Report

and Recommendation filed August 12, 2011. (Docket Entry 29). The Magistrate Judge recommended

that said motion to dismiss be granted and that Plaintiff's claims against Clarksville's Gas & Water, Police, and Building & Codes Departments be dismissed. *Id.* The Magistrate Judge also recommended that, except for Plaintiff's claims against Defendants Eddie Glenn, Tanner Pew and Justin Bailey, in their individual capacities, Plaintiff's claims against the remaining individuals in their official and/or individual capacities be dismissed. The Magistrate Judge's Report and Recommendation was adopted and approved by this Court on September 6, 2011. (Docket Entry 34). As to the surviving claims against Defendants Eddy Glenn, Justin Bailey and Tanner Pew, Defendants filed a corresponding answer on October 12, 2011. (Docket Entry 40).

On November 28, 2011, Plaintiff again attempted to add claims by filing "Plaintiffs' Amendment Federal Rules of Civil Procedure Rule 4(m)...Time Limit for Service." (Docket Entry 46). The Magistrate Judge denied that motion in an Order filed on February 2, 2012 and Plaintiff was thus unable to further amend his amended complaint. (Docket Entry 67).

Defendants' filed the now-pending Motion for Summary Judgement (and supporting memorandum) on January 3, 2012. (Docket Entries 51, 52). With said motion, Defendants filed "Defendants' Statement of Undisputed Material Facts" (Docket Entry 53) and affidavits of Brandy Jarrell, Eddy Glenn, Tanner Pew and Justin Bailey. (Docket Entries 54-57).

On January 12, 2012, Plaintiff filed a response in opposition to Defendants' motion for summary judgment–although he failed to specifically respond to Defendants' statement of undisputed material facts. (Docket Entry 58). On January 18, 2012, Plaintiff filed "Plaintiff's Motion-Response in Opposition to 'Eddie Glenn, CGWD SMRM/Defendant General Objections" and an "Affidavit of Robert

3

Thomas Irvin." (Docket Entries 59, 60).[1] On February 1, 2012, Defendants' filed a reply memorandum in support of their pending motion for summary judgment. (Docket Entry 66-1). On February 2, 2012, the Magistrate Judge issued an Order stating that he would consider Defendants' reply (Docket Entry 66-1) and that there should "be no more filings on this issue until the Magistrate Judge issues a report and recommendation[.]" (Docket Entry 69). While the Plaintiff seems to have ignored this order by filing another response on February 7, 2012 (Docket Entry 72), the Magistrate Judge will give him the benefit of the doubt and consider said response in making this report and recommendation.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must show there is "no genuine issue as to any material fact," and for this reason, the material presented must be viewed in a "light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S.

---

[1]While Plaintiff's motion in opposition (Docket Entry 59) only specified Eddie Glenn, his affidavit (Docket Entry 60) does make reference to the affidavits of the other two Defendants, Brandy Jarrell and Defendants' statement of undisputed facts.

4

at 250; Fed. R. Civ. P. 56(e).  Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party.  *Anderson*, 477 U.S. at 248.

The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  If the non-moving party fails to do so, then summary judgment, if appropriate, should be granted for the moving party.  *Id.*  Still, "a party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant."  *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979).  The movant retains the burden of establishing that "the moving party is entitled to judgment as a matter of law," even if the non-moving party fails to respond.  Fed. R. Civ. P. 56(c).

### III.  LEGAL ANALYSIS

As a preliminary matter, the Magistrate Judge has given comprehensive consideration to the voluminous filings by both parties and believes there is no genuine issue of material fact in dispute.  The Defendants' correctly point out that Plaintiff failed to satisfy his procedural burden pursuant to Local Rule 56.01(c), which requires a specific response to each fact set forth in Defendants' statement of undisputed material facts that accompanied their motion to dismiss.  (Docket Entry 53).  According to Local Rule 56.01(g), such failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment."  Noting Plaintiff's *pro se* status, however, the Magistrate Judge will not hold him to these rigid technical standards.  Nonetheless, even when taking Plaintiff's various responses as procedurally-sound attempts to dispute Defendants' version of the facts, the Magistrate Judge does not believe there to be any genuine issue as to *material* fact.  The disputes Plaintiff does

5

assert pertain to immaterial matters like the status of his water service (Docket Entry 60, ¶ 3-4), the location of Officer Bailey during Mr. Glenn's inspection of the meter (*Id.* ¶ 13) and the number of CGWD employees who inspected the meter (*Id.* ¶ 35).

In short, even when generously construing the inconsistencies between Defendants' statement of facts and Plaintiff's disorganized and sometimes incoherent factual allegations, there is no material fact at issue that could affect the reasons why summary judgment should be granted in this case.

A.      Defendants' Actions Did Not Violate Plaintiff's Fourth Amendment Rights.

Plaintiff's sole claim in this case involves Defendants' alleged violation of the Fourth Amendment, which provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S.C.A. Const. Amend. IV. Plaintiff's capacity to claim Fourth Amendment protection "depends not upon a property right in the invaded place but upon whether [he] . . . has a legitimate expectation of privacy in the invaded space." *United States v. Gooch*, 499 F.3d 596, 600 (6th Cir. 2007) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)). "A person has an expectation of privacy if he has a subjective expectation of privacy, and if society is prepared to recognize that expectation as objectively reasonable." *United States v. Dillard*, 438 F.3d 675, 682 (6th Cir. 2006) (citing *Katz v. United States*, 389 U.S. 347, 361 (1967)). Among the "number of factors" the Sixth Circuit considers when analyzing whether a person's subjective expectation of privacy is objectively reasonable are "his proprietary or possessory interest in the place to be searched or the item to be seized [and] whether he had a right to exclude others from the place in question[.]" *Dillard*, 438 F.3d at 682 (citing *United States v. King*, 227 F.3d 732, 744 (6th Cir. 2000)).

6

The Magistrate Judge does not believe Plaintiff had a reasonable expectation of privacy in the water meter box and/or water meter (collectively, "water meter"). Plaintiff's application for water service, which he filled out and signed, seems to be at odds with any subjective expectation of privacy he now claims. (Docket Entry 54-1). The single-page application contains five numbered paragraphs, one of which states in its entirety: "I permit authorized Department agents free access to my premises for the purposes of inspecting, reading, repairing or removing Department property." *Id.* In effect, Plaintiff expressly agreed to permit Defendant Glenn, a Service and Meter Reading Manager for CGWD whose responsibilities include inspecting water meters, to inspect the water meter at Plaintiff's residence, which was owned and maintained by the City of Clarksville. (Docket Entry 55, p. 1; City of Clarksville Code of Ordinances "Code," § 13-305).

Plaintiff's subjective thoughts aside, the Magistrate Judge believes that any expectation of privacy in the water meter at issue would not be objectively reasonable. The City of Clarksville Code of Ordinances states that (1) all water meters within city limits are owned, serviced and maintained by the city and (2) the city has a right to inspect the meters and properties to which it supplies water. (Code, §§ 13-305 and 307). These provisions clearly indicate that Plaintiff had no proprietary or possessory interest in the water meter and had no right to exclude CGWD agents (like Defendant Glenn) from inspecting it.[2] As such, the Magistrate Judge believes that any expectation of privacy Plaintiff attached to the water mater in his yard is not objectively reasonable. The Magistrate Judge also notes that Plaintiff's disagreement over the status of his water service is immaterial for purposes of this case.

---

[2]The Magistrate Judge notes that Plaintiff disputes Defendant Glenn's testimony that a CGWD meter repairman accompanied him on the inspection of the water meter. (Docket Entry 60, p. 7). Whether Defendant Glenn was alone or accompanied by another CGWD employee is clearly immaterial to the analysis here.

7

(Docket Entry 60, p. 2). As Defendants' pointed out, both parties agree as to the material fact that water meter #73154 is the property of the CGWD. (Docket Entry 66-1, p. 4; Docket Entry 58, p. 4).

As to Defendants Bailey and Pew, none of their actions at Plaintiff's residence can reasonably be construed as violating his Fourth Amendment rights. Defendants Bailey and Pew reported to Plaintiff's residence pursuant to a police dispatch directing them to ensure safety during the CGWD inspection. (Docket Entries 56, 57). Defendants Bailey and Pew were present in a "peacemaking" capacity and they did not inspect the water meter.[3] *Id.* The Magistrate Judge notes that, although Defendants Bailey and Pew maintain they stood at the edge of the street by their vehicles, Plaintiff contends that he saw Defendant Bailey "standing in [the] driveway holding the gate open[.]" (Docket Entry 60, p. 3). The Magistrate Judge agrees with Defendants' position that, under the circumstances, Plaintiff did not even have a reasonable expectation of privacy in his driveway.[4] In his latest filing, Plaintiff further disputes Defendants' assertion that neither Bailey nor Pew entered Plaintiff's fenced-in yard "because all [Defendants] there were trying to get evidence that Plaintiff was stealing water[.]" (Docket Entry 72, p. 4). The Magistrate Judge does not give credence to these allegations, which are not

---

[3]Plaintiff disputes that Defendant Bailey did not inspect the water meter and/or yard, reasoning that "there is no way Plaintiff's yard was not included in a mental inspection[.]" (Docket Entry 60, p. 4). The Magistrate Judge does not consider Plaintiff's unsubstantiated theories about Defendant Bailey's mental processes to be material in this case.

[4]*See United States v. Manning*, No. 1:06-00010, 2007 WL 1656223, *8 (M.D. Tenn. June 7, 2007) (citing *United States v. Hatfield*, 333 F.3d 1189, 1194 (6th Cir. 2003)("an owner does not have a reasonable expectation of privacy and . . . police observations made from the driveway do not constitute a search") and *United States v. Reyes*, 283 F.3d 446, 465 (2d Cir. 2002)("driveways that are readily accessible to visitors are not entitled to the same Fourth Amendment protections as are the interiors of defendants' houses")); *see also United States v. Moffitt*, 233 F. App'x 409, 412 (5th Cir. 2007) ("Moffitt might have subjectively manifested his expectation of privacy by posting 'no trespassing' signs, but with a driveway open to neighbors and solicitors, it is not an expectation that society is prepared to accept as legitimate.").

sworn to and inconsistent with Plaintiff's previous filings.[5]  Moreover, in addition to Plaintiff's failure

to comply with Local Rule 56.01, his latest attempt to dispute Defendants' statement of facts is

immaterial.  In short, the Magistrate Judge believes that Defendants Bailey and Pew took no action that

could have amounted to a violation of Plaintiff's Fourth Amendment rights.

B.       Alternatively, Defendants Would Be Entitled to Qualified Immunity

Even when assuming *arguendo* that Plaintiff presents colorable Fourth Amendment claims, the

Magistrate Judge believes that summary judgment is warranted because Defendants are entitled to

qualified immunity.  "The doctrine of qualified immunity protects government officials 'from liability

for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231

(2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Once a defendant asserts qualified

immunity, "the plaintiff bears the burden of demonstrating that the [defendant] is not entitled to that

defense." *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011) (citing *Moldowan v. City of Warren*, 578

F.3d 351, 375 (6th Cir 2009)).  "Determinations of qualified immunity require the Court to answer two

questions: (1) whether the [defendant] violated a constitutional right, and (2) whether that right was

clearly established in light of the specific context of the case." *Brown v. City of Franklin*, No: 3-10-

1146, 2011 WL 2971092, at *2 (M.D. Tenn. July 20, 2011) (citing *Hayden*, 640 F.3d at 153).  The

District Court may exercise its discretion in deciding which of these two prongs should be addressed first

in light of the case facts.  *Pearson*, 555 U.S. at 236.  If no constitutional right has been violated, there

is no need for further inquiry concerning qualified immunity.  If such a violation did occur, however, the

---

[5]Plaintiff's latest attempt to dispute Defendants' whereabouts is inconsistent with his
previous claims, such as his express agreement that Defendant Pew never inspected the water meter
nor entered the yard.  (Docket Entry 60, ¶ ¶ 38, 39; Docket Entry 56, p. 2).

"dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533, U.S. 202. Put differently, if reasonable officials could disagree about the issue, then immunity should be recognized. *Armstrong v. City of Melvindale*, 432 F.3d 695, 701 (6th Cir. 2006) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Turning to the facts in this case, the Magistrate Judge believes that all Defendants are afforded qualified immunity. On one hand, the Magistrate Judge already explained (*supra* in section III.A) that Defendants' actions did not violate Plaintiff's Fourth Amendment rights. On the other hand, even assuming *arguendo* that Plaintiff did suffer a constitutional violation, the Magistrate Judge believes that reasonable officers could disagree about whether Defendants' conduct was unlawful. As to Defendant Glenn, a reasonable CGWD Service and Meter Reading Manager could think it lawful to enter Plaintiff's yard in order to complete the job of reading and inspecting the water meter located there. As referenced above, the reasonableness in such thinking is rooted in the express language in Defendant Glenn's job description; Plaintiff's application for water service; and the City of Clarksville Code of Ordinances. Given these circumstances, it is entirely reasonable for Defendant Glenn to access Plaintiff's yard–a necessary action in performing his job. As to Defendants Bailey and Pew, reasonable police officers would think it lawful to respond to a dispatch that directed them to present themselves at a residence in a peacemaking capacity. The general rule is that mere presence at the scene of the search, without direct involvement in it, does not subject an officer to liability. *Ghandi v. Police Department of the City of Detriot*, 747 F.2d 338, 352 (6h Cir. 1984) (noting that police officers acted within the scope of their qualified immunity when "[t]heir only function was to insure the integrity of the search by having uniformed officers visible on the scene.")

10

In short, the Magistrate Judge believes the Defendants' are entitled to qualified immunity and Plaintiff's claims must be dismissed. Even viewing the facts in a light most favorable to Plaintiff, the Magistrate Judge believes that Defendants are entitled to judgment as a matter of law because the material facts do not show that any action by Defendants violated the Plaintiff's Fourth Amendment rights. Alternatively, Defendants are entitled to qualified immunity because, even assuming their actions did violate Plaintiff's constitutional rights, reasonable officials could disagree as to whether Defendants' conduct was unlawful in the situations they encountered. Plaintiff has not provided any facts to satisfy his burden of demonstrating that Defendants' are not entitled to qualified immunity. As such, the entirety of Plaintiff's action must be dismissed as a matter of law.

## IV. CONCLUSION

In light of the foregoing, the Magistrate Judge **RECOMMENDS** that Defendants' Motion for Summary Judgment (Docket Entry 51) be **GRANTED** and all of Plaintiff's claims **DISMISSED**.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 21st day of February, 2012.

 /S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

11